IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE TURNER, Individually and As Guardian of Ebonie King, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-13-0867 |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 7] filed by Defendant Houston Independent School District ("HISD"), to which Plaintiff Janice Turner filed a Response [Doc. # 10], and HISD filed a Reply [Doc. # 11]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

### I.     BACKGROUND

Ebonie King is a five-year-old with cerebral palsy who attends HISD. On September 11, 2012, she was on an HISD school bus when she was assaulted by another student.

Janice Turner, Ebonie's guardian, filed this lawsuit in Texas state court, asserting claims on her own behalf and on behalf of Ebonie. In her Second Amended Complaint [Doc. # 1-2], she asserts state law claims of negligence, negligent hiring, and negligent misrepresentation. Turner asserts federal claims under 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act.

HISD filed a Motion to Dismiss, asserting that the state law claims are barred by sovereign immunity, and that Plaintiff has failed to allege facts supporting the federal claims. The Motion has been fully briefed and is ripe for decision.

## II.   STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its

face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. STATE LAW CLAIMS

HISD is a governmental unit immune from liability unless that immunity has been waived by the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001(2)(B), 101.025, 101.051. The Texas Tort Claims Act provides in pertinent part:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law . . ..

TEX. CIV. PRAC. & REM. CODE § 101.021. The Texas Supreme Court has held that sovereign immunity is not waived for an injury occurring on a school bus where the injury "does not arise out of the use or operation of the bus, and the bus is only the

setting for the injury . . ..*" See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 52 (Tex. 1992) (citing *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987) (school district was not liable for failing to provide adequate medical care to a student with cerebral palsy who suffered convulsions on a school bus); *Estate of Garza v. McAllen Indep. Sch. Dist.*, 613 S.W.2d 526, 528 (Tex. Civ. App. – Beaumont 1981, writ ref'd n.r.e.) (school district was not liable when one student stabbed another student on a school bus)). The plaintiff "must allege that the bus driver's operation of the bus *actually caused* [her] injury." *Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337 (Tex. App. – Houston [1st Dist.] 2005, no pet.). Allegations regarding the "duty to supervise the bus passengers . . . does not concern the actual operation or use of the bus." *Id.*

Ebonie's injury did not "arise out of" the operation of the school bus. Instead, the school bus was "only the setting for the injury." As a result, the Texas Tort Claims Act does not waive HISD's immunity, and the Motion to Dismiss is granted as to the state law claims.

## III.  FEDERAL CLAIMS

Plaintiff alleges that HISD violated her constitutional rights to Equal Protection and Due Process. Plaintiff alleges also that HISD violated her statutory rights under the ADA and the Rehabilitation Act.

A.  **Due Process Claim**

Plaintiff alleges that HISD violated Ebonie's Due Process rights by failing "to properly supervise and monitor the conduct of students traveling on the bus with Ebonie King knowing that Plaintiff Ebonie King was incapable of protecting herself . . .." *See* Second Amended Complaint, ¶¶ 47-48. "As a general matter . . . a state's failure to protect an individual against private violence simply does not constitute a violation of due process." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989); *Doe v. Covington Cnty. Sch. Bd.*, 675 F.3d 849, 855 (5th Cir. 2012) (*en banc*).

The United States Supreme Court in *DeShaney* recognized a "special relationship" exception, under which a state may be required to protect an individual from private harm "when the State takes a person into custody and holds him there against his will." *DeShaney*, 489 U.S. at 199-200. The Fifth Circuit recognizes the "special relationship" exception in three scenarios: (1) incarceration; (2) involuntary institutionalization; and (3) the placement of children in foster care. *See Griffith v. Johnston*, 899 F.2d 1427, 1439 (5th Cir. 1990). The *en banc* Fifth Circuit in *Covington* noted that the *DeShaney* special relationship exception has not been extended "beyond these three situations, and [the Fifth Circuit has] explicitly held that the state does *not* create a special relationship with children attending public school."

*Covington*, 675 F.3d at 856 (emphasis in original); *see also Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 635-36 (S.D. Tex. 2012) (Ellison, J.). "Without a special relationship, a public school has no *constitutional* duty to ensure that its students are safe from private violence." *Covington*, 675 F.3d at 858 (emphasis in original).

Plaintiff argues that there exists a special relationship in this case because of her disability. The Fifth Circuit has not extended the special relationship exception to public school students, even where the student is disabled. *See Walton v. Alexander*, 44 F.3d 1297, 1305 (5th Cir. 1995) (*en banc*). In *Walton*, the plaintiff attended a residential public school for the deaf, and was sexually assaulted by a fellow student. The Fifth Circuit held that there was no special relationship. *See id.*

Plaintiff argues also that a special relationship exists in this case because Texas has compulsory school attendance laws that require students to attend school. This argument has also been rejected by the Fifth Circuit. *See Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997) (*en banc*).

Based on the *en banc* decisions of the Fifth Circuit in *Walton*, *Hillsboro*, and *Covington*, the Court concludes that Plaintiff has failed to allege a constitutional due process violation.

### B.     Discrimination Claims

Plaintiff alleges also that HISD violated her Equal Protection "right to be free from oppression, intimidation, [and] discrimination. . .." *Id.*, ¶ 48.  Basically, the Equal Protection clause of the Fourteenth Amendment "requires that similarly-situated persons be treated alike." *Newman Marchive P'ship, Inc. v. Hightower*, 349 F. App'x 963, 965 (5th Cir. Oct. 22, 2009) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985)).  "To succeed on an equal protection claim, the plaintiff 'must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated.'"  *Lamb v. Edwards*, 48 F.3d 530 (5th Cir. Feb. 8, 1995) (quoting *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)).

Plaintiff also asserts claims of disability discrimination under the ADA and the Rehabilitation Act.  The ADA and the Rehabilitation Act prohibit public entities from discriminating against an individual based on his disability.  The plaintiff must allege and prove that he was excluded from or denied benefits or services based on his disability.  *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a); *see also J.D. v. Georgetown Indep. Sch. Dist.*, 2011 WL 2971284, *10 (W.D. Tex. July 21, 2011); *Hooker v. Dallas Indep. Sch. Dist.*, 2010 WL 4025776, *5 (N.D. Tex. Sept. 13, 2010).

Plaintiff does not allege discrimination on the basis of her disability.  She does not identify any non-disabled student who was treated differently.  Similarly, Plaintiff

does not allege that she was excluded from or denied benefits because of her disability. She admits that HISD assigned an aide to accompany Ebonie on the school bus, but alleges that the aide failed to ensure Ebonie's safety. Plaintiff has failed to state a claim for relief based on discrimination under the Equal Protection Clause, the ADA and/or Rehabilitation Act, and these discrimination claims are dismissed.[1]

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant HISD's Motion to Dismiss [Doc. # 7] is **GRANTED** and this case is **DISMISSED**. The Court will issue a separate final order.

SIGNED at Houston, Texas this **3rd** day of **July, 2013**.

Nancy F. Atlas
United States District Judge

---

[1] Generally, the Court allows a plaintiff an opportunity to replead to cure pleading deficiencies. In this case, however, the current pleading is a Second Amended Complaint. As a result, the Court concludes that if Plaintiff were able to cure the pleading deficiencies, she would have done so.